IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BLOOMBERG L.P.,** | ) |
| 731 Lexington Ave | ) |
| New York, NY 10022 | ) |
| | ) |
| **JASON LEOPOLD,** | ) |
| | ) |
| v. | ) |
| | ) |
| **U.S. DEPARTMENT OF DEFENSE,** | ) |
| 1155 Defense Pentagon | ) |
| Washington, D.C. 20301 | ) |
| | ) |
| **U.S. DEPARTMENT OF THE ARMY,** | ) |
| 101 Army Pentagon | ) |
| Washington, D.C. 20310-0101 | ) |

## COMPLAINT

1. Plaintiffs BLOOMBERG L.P. and JASON LEOPOLD brings this suit to force Defendants U.S. DEPARTMENT OF DEFENSE and U.S. DEPARTMENT OF THE ARMY to produce records regarding final reports and investigations of extremism and white supremacy.

## PARTIES

2. Plaintiff BLOOMBERG L.P. is the owner and operator of Bloomberg News. Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing context that is featured across multiple platforms, including digital, TV, radio, streaming video, print, and live events. BLOOMBERG L.P. is one of the FOIA requesters in this case.

3. Plaintiff JASON LEOPOLD is an investigative reporter at Bloomberg News and is one of the FOIA requesters in this case.

4. Defendant U.S. DEPARTMENT OF THE ARMY ("ARMY") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

5. Defendant U.S. DEPARTMENT OF DEFENSE ("DOD") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552. DOD is the parent agency of ARMY.

## JURISDICTION AND VENUE

6. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## JULY 10, 2023 FOIA REQUEST TO ARMY

8. On July 10, 2023, Plaintiffs submitted a FOIA request to ARMY for the following records:

> 1. All final reports of investigation and audits and memorandums of reprimand referencing extremist activity, extremism, racism, domestic and violent extremism, white supremacist or white supremacy.
>
> 2. Closing memos and referral letters related to the final reports and audits identified in part 1.
>
> To be clear, I am seeking final reports and audits that have not previously been processed, posted on a FOIA reading room or posted publicly in another manner.
>
> The timeframe for this request is January 1, 2018 through the date the search for responsive records is conducted.

9. A true and correct copy of the original FOIA request is attached as Exhibit 1.

10. On July 13, 2023, ARMY issued an interim response to the FOIA request, stating the approximate date of completion for the request "is July 10, 2024 or it could take longer."

11. A true and correct copy of the interim response is included in Exhibit 2.

12. On December 13, 2023, Plaintiffs asked for an updated estimated date of completion for the FOIA request. ARMY's response stated its action office was "taking much longer to complete requests" and that it was unable to provide an updated completion date. *Id*.

13. ARMY did not send any further correspondence to Plaintiffs regarding this request.

14. As of the date of this filing, ARMY has not issued a determination and has not produced any records.

## COUNT I – ARMY'S FOIA VIOLATION

15. The above paragraphs are incorporated by reference.

16. Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

17. Defendant ARMY is a federal agency subject to FOIA.

18. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

19. Defendant ARMY has failed to conduct a reasonable search for records responsive to the request.

20. Defendant ARMY has failed to issue a complete determination within the statutory deadline.

21. Defendant ARMY has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiffs ask the Court to:

    i. declare that Defendants have violated FOIA;

    ii. order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

    iii. enjoin Defendants from withholding non-exempt public records under FOIA;

      iv.      award Plaintiffs attorneys' fees and costs; and

      v.      award such other relief the Court considers appropriate.

Dated: January 25, 2024

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiffs
BLOOMBERG L.P.,
JASON LEOPOLD

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com